**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUKARSONO,<br><br>        Petitioner,<br><br>    v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>        Respondent. | No. 08-70317<br><br>Agency No. A095-634-688<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2010[**]

Before:    ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Lukarsono, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we grant in part and deny in part the petition for review.

In his opening brief, Lukarsono fails to challenge the agency's dispositive determination that his asylum claim was time-barred, and also does not raise any substantive challenge to the agency's denial of his CAT claim. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued are deemed waived).

Substantial evidence supports the agency's denial of past persecution because Lukarsono failed to show he was harmed by forces the government was unable or unwilling to control. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005).

Lukarsono argued to the BIA that he feared future persecution on account of his Chinese ethnicity and Christian religion. The agency did not consider Lukarsono's application for withholding of removal under the disfavored group analysis. In light of our recent decisions in *Wakkary* and *Tampubolon v. Holder,* No. 06-70811, 2010 WL 2541610 at *5 (9th Cir. June 25, 2010), we remand for the BIA to assess Lukarsono's withholding of removal claim under the disfavored

group analysis in the first instance. *See Wakkary,* 558 F.3d at 1067; *see also INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.**